By the Court, Bronson, J.
The defendant had an undoubted right to show what further was said by him on the same *146 subject in the conversation mentioned by St. John, and I am not prepared to say, that the plaintiff could shut out that evidence by offering to waive the testimony of St. John. Agreeing to waive the evidence would not necessarily efface it from the minds of the jurors, and it might still have an influence upon their verdict. That influence the defendant wished to counteract by proving the whole conversation. But there is a more decisive objection. The defendant was willing to fore-go the right of calling other witnesses to the conversation, and take the testimony of St. John as it stood. Although the witness had been called by the plaintiff, the defendant thought the testimony tended in his favor; and he claimed, and was, I think, entitled to the benefit of that testimony. When a party calls a witness, he takes the chance of aiding his adversary. It is true that St. John was called to prove confessions which the defendant would not have been allowed to lay before the jury until the door had been thus opened by the plaintiff. But I do not see that this alters the principle. The evidence was pertinent to the issue, if the plaintiff chose to give it. When a party has proved the confessions of his adversary, this, like other evidence, becomes the property of both parties for whatever it is worth, and neither of them can get rid of the evidence without the consent of the other. The plaintiff’s counsel admitted that he could find no authority in support of the decision at the circuit, and none has fallen under my observation.
It is of course unnecessary to examine the other questions presented by the bill of exceptions.
New trial granted.